UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES MALCOLM MCDONALD,

           Plaintiff,

v.                                       Case No. 19-cv-391-pp

KENOSHA COUNTY HEALTH SERVICES,
DIRECTOR DENISE GILYANI,
DOCTOR DORRANI, and
NURSE PRACTITIONER SWENSON,

           Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

      Plaintiff James Malcolm McDonald, who is representing himself, filed a complaint on March 14, 2019 alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they refused to obtain a CPAP machine for him. Dkt. No. 1. This decision resolves the plaintiff's motion to proceed without prepaying the filing fee and screens his complaint.

A.     **Motion to Proceed without Prepaying the Filing Fee**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C.

1

§1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 26, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $5.54 by April 16, 2019. Dkt. No. 7. The court received that initial partial filing fee of $5.45 on April 15, 2019. The court notes that the plaintiff's payment was $0.09 (nine cents) short. Because the discrepancy is minimal, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and add the $0.09 to the balance the plaintiff owes. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

B. **Screening of the Complaint**

Federal law requires that the court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

1. *Allegations in the Complaint*

The plaintiff alleges that while he was incarcerated in the Kenosha County Jail and the Kenosha County Detention Center for an unspecified date in 2016 through September 2016, the defendants were deliberately indifferent to his medical needs. Specifically, the plaintiff states that the defendants failed to address his sleep apnea by refusing to provide him a CPAP machine. Dkt. No. 1 at 2.

The plaintiff alleges that he had an appointment with Dr. Dorrani and Nurse Practitioner Swenson, though he does not state when and where. Id. He says that he was asked to sign a release of information for a copy of a sleep study that would show that he had been diagnosed with "severe obstructive sleep apnea," for which he needed a CPAP machine (funded through his insurance provider in Illinois). Id. at 2-3.

The plaintiff claims that after the "medical department" received the records, they transferred him to the Kenosha County Jail "for observation for severe obstructive sleep apthena [sic]," but wouldn't help him get the CPAP machine. Id. at 3. He does not name the health department staff member who received the records, or authorized his transfer to Kenosha Count, or who refused to help him obtain the machine. He states that someone (he doesn't say who) allowed him to make phone calls to his doctor and his friends and family to try an obtain a machine, but that none of his friends or family had "the $1,200 to purchase a machine," and that Medicaid wouldn't pay for a machine in the state of Wisconsin. Id. The plaintiff alleges that he "communicated this on numerous occasions" (he doesn't say to whom he communicated it) but says that he "was told" (he doesn't say by whom) that Kenosha County was not responsible for providing the machine, and he would have to provide it himself. Id.

The plaintiff alleges that as a result of not having the CPAP machine, he "suffered headaches, increased blood pressure, lack of sleep, and was very frustrated over the lack of concern." Id. He asserts that eventually he was hospitalized for blood pressure and related heart issues (he does not specify when), and he alleges that his untreated sleep apnea put him at risk "for harm or death." Id. For relief, the plaintiff asks that the defendants "change their policy for persons who can prove they have a need for a CPAP but cannot obtain one," $100,000 for pain and suffering and medical expenses and an apology. Id. at 4.

2. *Analysis*

The plaintiff appears to allege that the defendants were deliberately indifferent to a substantial risk that he might suffer harm, in violation of the Eighth Amendment. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009); Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." Id. (citing Estelle, 429 U.S. at 104). A plaintiff claiming that prison officials were deliberately indifferent to his serious medical needs "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Id. (citing Johnson v. Synder, 444 F.3d 579, 584 (7th Cir. 2006); Roe v. Elyea, 631 F.2d 843, 857 (7th Cir. 2011)).

"A 'serious medical need' is a condition that a doctor has recognized as needing treatment, or a condition so obvious that even a lay person would recognize the need for medical treatment." Schmidt v. Bowens, Case No. 16-cv-30-slc, 2018 WL 708391 at *2 (W.D. Wis. 2018) (quoting Johnson, 444 F.3d at 584-85).

> A medical need may be serious if (1) it is life-threatening, carries risks of permanent serious impairment if left untreated or results in needless pain and suffering, *Guttierez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997); or (2) it "significantly affects an individual's daily activities," *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.

5

1998); or (3) it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer [v. Brennan]*, 511 U.S. [825] at 847 [(1994)].

Id.

At least one court has found that obstructive sleep apnea constitutes a "serious medical need," and this court will assume that it is a serious medical need for the purposes of screening the plaintiff's complaint. See <u>Meloy v. Schuetzle</u>, 230 F.2d 1363 (Table), 2000 WL 1160446 at *1 (8th Cir. Aug. 17, 2000). The complaint says that someone refused to provide the plaintiff with the treatment he needed for that serious medical need, even though he asked for it several times. But the plaintiff does not explain the roles that the defendants he has sued played in denying him a CPAP machine. To state a claim that someone violated his constitutional rights under 42 U.S.C. §1983, a plaintiff must identify each person who allegedly violated his constitutional rights and explain what that person did to violate his rights. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." <u>Hildebrant v. Ill. Dept. of Nat. Res.</u>, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting <u>Vance v. Peters</u>, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," <u>Burks v. Raemisch</u>, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

The plaintiff has sued four defendants—Kenosha County Health Services, Director Denise Gilyani, Doctor Dorrani and Nurse Practitioner Swenson. Dkt.

6

No. 1 at 1. In the body of the complaint, the plaintiff does not mention Kenosha County Health Services. He mentions being in both the Kenosha County Jail and the Kenosha County Detention Center and mentions "the medical department." Id. at 2. He says that "the medical department" transferred him to the Kenosha County Jail for observation. Id. at 3. But he does not talk about an entity called "Kenosha County Health Services." Perhaps the plaintiff intended to sue the "medical department" of either the Kenosha County Detention Center or the Kenosha County Jail. The medical department of a detention facility is part of that detention facility, so suing the medical department is the same thing as suing the Detention Center and Jail. Section 1983 allows a plaintiff to sue a "person" who, acting under the color of law, violates his constitutional rights. Neither the Kenosha County Detention Center nor the Kenosha County Jail are a person. While there are some circumstances under which a plaintiff can sue a municipality—for example, Kenosha County itself—under §1983, see Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978), Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. Webb v. Franklin Cty. Jail, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Kenosha County Detention Center and the Kenosha County Jail are "not [] legal entit[ies] separable from the county government which [they] serve[]," and so can't be sued under §1983. Whiting v. Marathon Cty.

7

Sherriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004). The court will dismiss Kenosha County Health Services as a defendant.

The plaintiff alleges that defendants Dorrani and Swenson saw him, and he implies that they asked him to sign "a release of information to have a copy of a sleep study which show[ed] that [he] had been diagnosed with having severe obstructive sleep apthena [sic], and where a prescription for a Cpap machine was written to have a Cpap machine issued from [his] insurance provider in Illinois." Id. at 3. Asking someone to sign a release form does not constitute deliberate indifference to that person's serious medical needs. The plaintiff does not allege that Dorrani or Swenson ever received the sleep study or reviewed the sleep study. He does not allege that either Dorrani or Swenson refused to get him a CPAP machine or interfered with anyone else getting him a CPAP machine. He does not allege that they knew that if he didn't have a CPAP machine, he was at serious medical risk. The plaintiff has not stated a claim of deliberate indifference against Dorrani or Swenson.

The plaintiff does not mention defendant Gilyani anywhere in the body of the complaint. At the end of his complaint, the plaintiff states in his demand for relief that he wants "the named defendants to change their policy for persons who can prove they have a need for CPAP but cannot obtain one." Dkt. No. 1 at 4. The plaintiff does not say what Gilyani is the director of, but perhaps because Gilyani is a director of something, the plaintiff believes that Gilyani has the authority to change policy at KCDC or the jail. This is not enough to state a claim against Gilyani. While a plaintiff does not need to allege

8

that the defendant directly participated in the constitutional deprivation for liability to attach under §1983, <u>Backes v. Vill. of Peoria Heights, Ill.</u>, 662 F.3d 866, 869-870 (7th Cir. 2011) (citing <u>Sanville v. McCaughtry</u>, 266 F.3d 724, 740 (7th Cir. 2001)), the plaintiff *does* need to assert that the defendant knew about the alleged conduct, facilitated it, approved it, condoned it or turned a blind eye to it. <u>Id.</u> (citing <u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)). Suing a detention staff director without making specific allegations regarding that director's knowledge of the alleged civil rights violation does not state a claim under §1983, and the plaintiff has not stated a claim against Gilyani.

At best, the plaintiff has alleged that "the medical department" received his sleep study, and that "the medical department" sent him to the Kenosha County Jail for observation and would not help him get a CPAP machine. Dkt. No. 1 at 3. He has not identified who in the medical department received the sleep study, whether the sleep study is what caused his transfer to the jail, or who authorized the transfer to the jail for observation. He does not identify the people he asked for a CPAP machine and does not identify the person or people who denied him a CPAP machine. The plaintiff has not stated a valid civil rights claim against anyone he has sued in this complaint.

The plaintiff has tried to bring these same claims before, in <u>McDonald v. Gilanyi</u>, Case Number 18-cv-123-pp. On October 1, 2018, the court received from the plaintiff a motion to amend his complaint in that case. Case No. 18-cv-123-pp, Dkt. No. 32. On January 11, 2019, the court issued an order, explaining to the plaintiff that to successfully allege a claim for deliberate

9

indifference to medical needs he needed to show that "the defendants knew that the plaintiff had been prescribed a CPAP machine, and that the machine was necessary to prevent serious medical risks to the plaintiff." Id., Dkt. No. 35 at 5. So, two months before he filed the complaint in *this* case, the court had advised the plaintiff what he needed to allege to successfully state a claim for deliberate indifference. The plaintiff has not followed that advice. The court will dismiss this lawsuit for failure to state a claim upon which relief can be granted.

C. **Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No.2.

The court **ORDERS** that that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will enter judgment accordingly.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the **$344.55** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 7th day of June, 2019.

BY THE COURT:

**HON. PAMELA PEPPER
United States District Judge**