JAMES MALCOLM MCDONALD,

        Plaintiff,

v.                                                         Case No. 19-cv-391-pp

DIRECTOR DENISE GILYANI, *et al.*,

        Defendants.

**ORDER GRANTING MOTION FOR JOINDER (DKT. NO. 38), GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. NO. 33) AND DISMISSING CASE**

        On March 14, 2019, the plaintiff, representing himself, filed this lawsuit under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. Dkt. No. 1. After defendants Swenson and Gilyani answered the complaint, dkt. no. 11, the court issued a screening order dismissing the case for failure to state a claim, dkt. no. 14. The plaintiff asked the court to reconsider, dkt. no. 16; it did so, dkt. no. 17, and allowed the plaintiff to file an amended complaint, dkt. no. 19. The court allowed the plaintiff to proceed on a claim that defendants Dorrani, Gilyani and Swenson exhibited deliberate indifference to his serious medical need—sleep apnea—when they denied him a CPAP machine. Dkt. No. 17 at 13.

        Defendants Swenson and Gilyani filed a motion to dismiss, or in the alternative, a motion for summary judgment, on the ground that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 33. Defendant Doctor

1

Durrani[1] filed a motion for notice of joinder, seeking to join the motion[2]. Dkt. No. 38. The court grants Durrani's motion for joinder, grants the defendants' motion for summary judgment and dismisses the case without prejudice.

I.  **Preliminary Procedural Matters**

As noted above, Durrani filed a notice of joinder asking the court to allow him to join the motion filed by defendants' Swenson and Gilyani. Dkt. No. 38. Because neither the plaintiff nor Swenson and Gilyani contested this motion, the court grants it.

As to the main motion, the defendants moved "pursuant to 12(b)(6), 12(d), and 56 of the Federal Rules of Civil Procedure . . . for an Order dismissing Plaintiff's Complaint on the merits." Dkt. No. 33 at 1. They attached to the motion 164 pages of evidence. Id. at 17-167. Under Fed. R. Civ. P. 12(d), if a party presents "matters outside the pleadings" in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court either must exclude those matters or convert the motion to a motion for summary judgment under Fed. R. Civ. P. 56.

The defendants' brief indicates that they are not seeking summary judgment on the merits of the plaintiff's claims; they are seeking judgment based on the plaintiff's failure to exhaust administrative remedies. "'[T]he

---

[1] Dr. Durrani, in his notice, notes that his name is improperly listed as "Dr. Dorrani". The court will use his proper name.

[2] Durrani also filed a notice joining the reply brief filed by the other two defendants. Dkt. No. 43.

2

district court lacks discretion to resolve the claim on the merits'" if it finds that a prisoner plaintiff failed to exhaust his administrative remedies before filing suit. Barnes v. Briley, 420 F.3d 673, 676 (7th Cir. 2005) (quoting Perez v. Wis. Dept. of Corr., 182 F.3d 532, 535 (7th Cir. 1999)).

The defendants' motion is not, as they contend, a motion to dismiss, but a motion for summary judgment on exhaustion grounds, and the court will treat it that way.

## II. Relevant Facts

The court allowed the plaintiff to proceed on an Eighth Amendment deliberate indifference to medical needs claim against defendants Dr. Durrani, Director Denise Gilyani and Advance Practice Nurse Practitioner Rebecca Swenson for denying the plaintiff a CPAP machine while he was incarcerated at the Kenosha County Jail and the Kenosha County Detention Center (Jail/Detention Center). Dkt. No. 17 at 11-12. The plaintiff was at the Jail/Detention Center from May 17, 2016 through September 24, 2016. Dkt. No. 35 at ¶6. The defendants assert that the plaintiff was provided a copy of the Jail/Detention Center's Detainee Handbook, which contained the inmate grievance procedures. Id. at ¶7. During the relevant period, the plaintiff used the inmate grievance procedures three times: On July 9, 2016; July 26, 2016; and August 28, 2016. Id. at 13.

## A. Kenosha County Jail's Inmate Grievance System

The Detainee Handbook contains the jail's grievance process. Dkt. No. 35 at ¶7. An inmate who has a grievance must either initiate a verbal grievance within five days of the incident with a staff member or submit his complaint in writing on the Inmate Grievance Form within seven days of the incident occurring. Id. at ¶9. Jail staff must determine the legitimacy of the complaint and provide a response or resolution within seven days of receipt. Id. If the inmate disagrees with the decision, he must appeal within seventy-two hours after receiving the decision. Id.

## B. July 9, 2016 Grievance

In his July 9, 2016 grievance, the plaintiff complained that jail officials did not allow him to use a razor to shave his head and face. Dkt. No. 34 at 21. He stated that he needed to do so pursuant to a vow he made as a Christian. Id. There is no mention in this grievance of the plaintiff's sleep apnea and no request for, or complaint about not having, a CPAP machine.

Jail staff determined that the grievance was unfounded because there were reasonable alternatives available to the plaintiff to render his head and face hairless, such as a depilatory. Id. at 20. The plaintiff did not appeal this grievance. Dkt. No. 35 at ¶13.

## C. July 26, 2016 Grievance

In his July 26, 2016 grievance, the plaintiff stated the following:

> I have been medically diagnosed with having severe obstructive sleep apthena [sic] which in combination with my

4

heart condition could cause me to either stop breathing while I sleep or [*illegible*] further the aortic aneurysm that I have by causing the lack of oxygen while not breathing properly and the increase of my blood pressure speed up the process for a heart surgery I was supposed to have but am unable to as I am incarcerated. I was allowed to make several calls per my supervisors and medical to attempt to get a CPAP machine from my daughter who is a magazine news writer and I cannot reach. Instead I took the calls to telephone my doctor to get a new prescription sent from my home town in Champagne, Illinois to Metz Medical Supply here in Kenosha. But as I have attempted to return to the phone to complete the process of calling (973) 477-6337 as I would have to wait on hold for more than an hour trying to speak to a insurance representative, and since I have no access to a computer to file my claim for a new CPAP machine, the person at the above number has filed my information for the claim etc. . . (by computer). But I cannot call this person who works at the VA Hospital in East Orange, New Jersey collect. Would you please allow me to complete this as I am beginning to have severe headaches and as I have explained the truth in the consequences of not having this device. I am simply trying to call for my policy information, pass it along to Metz Medical Supply who already have my prescription, and make arrangements for the device to be delivered.

Dkt. No. 34 at 24-25.

Sgt. Simpson (not a defendant) sustained this grievance and arranged for the plaintiff to make the calls he asked to make. Id. at 23. But Simpson also put the plaintiff on notice that going forward, he needed to figure out how to make the calls using the phone systems available to him. Id.

D. <u>August 28, 2016 Grievance</u>

In his August 28, 2016 grievance, the plaintiff complained about the extremely warm temperatures in his dorm. Dkt. No. 34 at 27. He asked that jail staff address the temperature because it was aggravating his "medical issues

5

related to breathing." Id.

Staff responded to this grievance as "not sustained." Id. at 26. They noted that the temperature in the dorm was only a few degrees above normal and that a work order already had been placed to address the issue. Id. They also noted that it would not be an immediate fix but would take some time. Id. The plaintiff did not appeal this grievance. Dkt. No. 35 at ¶13.

### E. The Plaintiff's Response

The plaintiff filed a brief in response to the motion to dismiss. Dkt. No. 40. The plaintiff did not dispute that he had not exhausted his administrative remedies. He wrote:

> In lieu of factors that would not allow this plaintiff to proceed in this case because of the rules set forth in the PLRA, namely the need for a prisoner to exhaust his administrative remedies as to 42 U.S.C. §1997(e)(4), which states "no action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Therefore as I never intended to file a frivolous civil action against the defendants in this case, and where all the evidence I possess would show the claims I have made are factual and could be proven, yet this plaintiff cannot prevail at this time, and would ask that the court allow me to withdraw my claim until a later date, and not waste the court's time and resources. I would ask that this request be granted.

Dkt. No. 40 at 1-2.

## III. Discussion

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

6

to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

B. Exhaustion of Administrative Remedies

1. *Exhaustion Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. See Jones v. Bock, 549 U.S. 199, 204 (2007) (citing Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. Woodford, 548 U.S. at 89.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a

7

case in federal court." Id. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

  2. *Analysis*

The plaintiff has not argued that he exhausted his administrative remedies as 42 U.S.C. §1997(e)(4) requires, so there is no need for the court to analyze whether the grievances satisfied the requirement. Dkt. No. 40 at 1. That said, the court notes that only one of the three grievances the plaintiff filed mentioned his sleep apnea and the CPAP machine, and that grievance neither asked the prison to provide the plaintiff with a machine nor complained about the fact that it had not done so. The plaintiff asks the court to "allow [him] to withdraw my claim until a later date." Id. The court construes this as a request that the court allow him to voluntarily dismiss his case, without prejudice.

In their reply brief, the defendants argue that under Fed. R. Civ. P. 41, the plaintiff may not voluntarily dismiss the case at this stage of the litigation. Dkt. No. 41 at 2-3. They contend that a court order is necessary for the plaintiff to voluntarily dismiss under Fed. R. Civ. P. 41(a)(2) because all defendants have already answered. Id. On this point, the defendants are correct. A court order would be necessary. Next, the defendants argue that dismissal via court order is inappropriate because it would not be "on terms that the Court

8

considers proper." Id. at 3. According to the defendants, "it is simply not 'just' or 'proper' to allow a prisoner to merely bypass the provisions of the Prison Litigation Reform Act;" they contend that dismissal without prejudice would do just that, because it would allow the plaintiff to refile his case later. Id.

The court disagrees. When a plaintiff brings a lawsuit prior to exhausting his administrative remedies, the suit is premature. Chambers v. Sood, 959 F.3d 979, 984 (7th Cir. 2020). "A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies." Id. (citing Ford v. Johnson, 362 F.3d 395, 398-400 (7th Cir. 2004)). Because granting summary judgment on exhaustion grounds means the court does not decide the case on the merits, giving the plaintiff the ability to refile after exhausting his administrative remedies *is* just and proper.

The court grants the defendants' summary judgment motion on exhaustion grounds but dismisses the case without prejudice. If and when the plaintiff exhausts his administrative remedies and the statute of limitations has not expired, he is free file the lawsuit again.

**IV. Conclusion**

The court **GRANTS** defendant Durrani's motion for joinder with defendants Swenson's and Gilyani's motion to dismiss and/or motion for summary judgment. Dkt. No. 38.

The court **GRANTS** the defendants' motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 33.

The court **ORDERS** that this case is **DISMISSED without prejudice**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of October, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**